UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph Williams,                                              Case No. 1:11CV2370

                Petitioner,

   v.                                                                    MEMORANDUM OPINION
                                                               AND ORDER

Terry Tibbals,

                Respondent.


This matter is before me on the objections of Petitioner Joseph Williams to the Report and Recommendation of Magistrate Judge Kenneth S. McHargh regarding Williams's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Upon de novo review of the magistrate judge's report, I overrule Williams's objections and adopt the report.

DISCUSSION

The Ohio Court of Appeals described the relevant facts of Williams's case as follows:

      In July 2004, 27–year–old M.H. told his mother, Rita, that defendant, who is Rita's brother and M.H.'s uncle, molested him when he was 12 and again when he was 15. Rita questioned defendant about this accusation. Defendant sent Rita a letter admitting to the incident stating: "This is the saddest letter I will ever have to write. Yes, I had sexual contacts with [M.H.] when he was just a kid."
      {¶ 3} M.H. and his parents decided not to report defendant to the authorities. However, Rita told her family, including her brother Glenn, about what defendant did to her son M.H. In turn, Glenn asked his three sons if defendant ever had inappropriate sexual relations with them. K.W., who is one of Glenn's sons and the victim in this case, said no.
      {¶ 4} However, in the Fall of 2007, when K.W. was 23 years old, he told his parents that defendant raped him in March 1992, when K.W. was seven years old. K.W. was troubled by flashbacks of the molestation by his uncle. On December 14, 2007, K.W. checked himself into the hospital for mental health issues stemming from "an incident of being abused by his uncle when he was a small child."

1

>{¶ 5} K.W.'s father, Glenn, questioned defendant about K.W.'s accusations. Defendant denied that anything happened; however, he eventually answered, "Unless I was drunk or out of it."
>
>{¶ 6} On January 2, 2008, Glenn and K.W. reported the rape to the police, armed with defendant's letter admitting that he had raped K.W.'s cousin, M.H.
>
>{¶ 7} On June 18, 2008, defendant was indicted for the following against K.W.: three counts of rape of a victim less than 13 years old, with specifications that "defendant purposely compelled the victim to submit by force or threat of force" in violation of R.C. 2907.02(A)(1)(b); and one count of kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification in violation of R.C. 2941.147. On December 19, 2008, a jury found defendant guilty of all charges and the court sentenced him to mandatory life in prison.

*State v. Williams*, No. 92714, 2010 WL 118118, at *1 (Ohio Ct. App. Jan. 14, 2010).

On appeal, Williams argued that the state failed to present sufficient evidence to sustain his convictions, the convictions were against the manifest weight of the evidence, and the admission of other acts evidence violated both federal and state law. The court of appeals overruled Williams's argument regarding the admission of the other acts evidence. However, the court agreed with Williams's sufficiency of the evidence arguments regarding the third count of rape. The court vacated that conviction, affirmed the remaining convictions, and remanded the case to the trial court for further proceedings. *Id.* at *8. Williams did not appeal this decision to the Supreme Court of Ohio and the trial court subsequently vacated Williams's conviction on the third count of rape.

On April 22, 2010, Williams filed a motion to reopen with the Ohio Court of Appeals pursuant to Ohio R. App. P. 26(B). Williams argued that appellate counsel was ineffective by failing to argue ineffective assistance of trial counsel, by failing to "raise allied offenses as an assignment of error," and by failing to "effectively and thoroughly argue the issue of the improper admission of other acts evidence." Before the court of appeals could rule on the motion, Williams filed a second motion to reopen on June 17, 2010, raising the same assignments of error. On January 7, 2011, the court of appeals denied the first motion on the merits and the second motion as duplicative.

Williams then filed a timely notice of appeal with the Supreme Court of Ohio. In his memorandum of law, Williams raised the following issues:

> I. When evidence of trial counsel's ineffectiveness is discernible from the record, appellate counsel's failure to raise that issue is itself appealable error.
>
> II. A defendant's right to effective assistance is denied when appellate counsel fails to competently argue an issue involving a defendant's right to due process and equal protection under the law.
>
> III. Appellate counsel cannot provide effective assistance if he never meets with appellant and when he does not timely inform appellant of the court's decision.
>
> IV. Trial counsel fails to provide reasonably effective assistance when he does not investigate, or even contact, exculpatory and alibi witnesses.
>
> V. Trial counsel's representation is deficient when he fails to investigate the credibility of the alleged victim when that victim suffers from severe mental problems and his testimony is the sole basis of the state's case.
>
> VI. In a sex offense case, defendant's due process and equal protection rights are violated when prior acts evidence is admitted as an exception to their strict exclusion pursuant to Evidence Rule 404(b) and statutory ORC 2907.05 and ORC 2945.59.
>
> VII. In sex offense cases, the admission of prior acts evidence almost always results in their inflammatory and prejudicial effect outweighing their probative value, and therefore should be excluded.

On April 6, 2011, the Supreme Court of Ohio dismissed Williams's appeal as not involving any substantial constitutional question.

On November 2, 2011, Williams filed his timely petition for a writ of habeas corpus with this Court. In his petition, Williams argues that his trial and appellate counsels were ineffective. He also argues that the admission of the other acts evidence deprived him of his due process and equal protection rights. The case was referred to Magistrate Judge McHargh who recommended that Williams's habeas corpus petition be denied. Williams filed timely objections to Magistrate Judge

McHargh's report and recommendation. I agree with Magistrate Judge McHargh's analysis regarding Williams's arguments and adopt his report.

A state court's determinations are reviewed under the standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214. The AEDPA provides that a federal court may not grant a writ of habeas corpus to a petitioner on any claim adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal constitutional claim reviewed by a state court for 'plain error' can be considered 'adjudicated on the merits' for the purpose of receiving deference under AEDPA." *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas

4

relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Magistrate Judge McHargh found that Williams's ineffective assistance of trial counsel and the improper admission of other acts evidence claims are procedurally barred. I agree. A federal habeas corpus petitioner seeking relief from state imprisonment must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1). To comply with the exhaustion doctrine, the petitioner must fairly present the "substance" of his federal habeas corpus claim to the state courts so that the state judiciary has the first opportunity to hear the claim. *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999). If the petitioner may no longer present his claims to a state court because of a procedural default, the petitioner has also forfeited the claims for purposes of federal habeas corpus review absent a showing of "cause" and "prejudice." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000).

"Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Stone v. Moore*, 644 F.3d 342, 345 (6th Cir. 2011) (internal quotation marks omitted).

Williams presented his ineffective assistance of trial counsel claim to the Supreme Court of Ohio in his appeal from the denial of his Rule 26(B) motion by the Ohio Court of Appeals. This was the first time that Williams presented his ineffective assistance of counsel claim as an independent ground to the state courts of Ohio. Williams admits on page three of his objections to the magistrate judge's report that the ineffective assistance of trial counsel argument was an

5

underlying reason for his ineffective assistance of appellate counsel argument in the Rule 26(B) motion. Williams did not present the ineffective assistance of counsel argument as an independent claim. Therefore, the argument did not constitute a full and fair presentment before the Supreme Court of Ohio as the argument was not raised before the Ohio Court of Appeals as a distinct claim. A habeas corpus petitioner's submission of a new claim to the state's highest court on discretionary review is not a fair presentation to the state's courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Williams failed to fully and fairly present his ineffective assistance of trial counsel claim to the state appellate courts of Ohio, this claim is procedurally defaulted.

Regarding Williams's admission of prior acts argument, the issue was presented in Williams's direct appeal to the Ohio Court of Appeals. However, Williams failed to appeal this decision to the Supreme Court of Ohio. Because the issue could have been presented on direct appeal, but was not, the issue is procedurally barred. *Hanna v. Ishee*, 694 F.3d 596, 613–14 (6th Cir. 2012), *cert. denied*, 134 S. Ct. 101 (2013). Finally, Williams has failed to show cause and prejudice excusing the default of the ineffective assistance of trial counsel and prior acts claims. *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013).

Williams presented numerous reasons in his habeas corpus petition as to why his appellate counsel rendered ineffective assistance. The following three issues were properly presented to the state courts of Ohio: (1) appellate counsel was ineffective for failing to argue that trial counsel erred by not calling alibi and exculpatory witnesses; (2) appellate counsel failed to argue that trial counsel was ineffective for not enlisting the services of a psychiatric expert; and (3) appellate counsel erred for failing to argue that the other acts evidence had been improperly admitted by the trial court.

An ineffective assistance of appellate counsel claim requires a petitioner to show that counsel's performance was deficient and that the deficient performance was prejudicial. *See Smith v.*

*Robbins*, 528 U.S. 259, 285 (2000). In evaluating the performance of appellate counsel, it is well settled that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288. Generally, the presumption of effective assistance of counsel will not be overruled unless the ignored issues are clearly stronger than those presented on appeal. *Id.* Further, to demonstrate prejudice, a petitioner must show a reasonable probability that his claims would have succeeded on appeal. *Id.* at 285–86. Magistrate Judge McHargh's report establishes that Williams has failed to meet his burden under *Smith* by showing how appellate counsel's representation was prejudicial. Therefore, I agree that Williams is not entitled to habeas corpus relief on this issue.

Terry Tibbals has moved, pursuant to Federal Rule Civil Procedure 60(b), to vacate Magistrate Judge McHargh's order of July 1, 2013 (Docket No. 21) that granted Williams's motion not to be transferred to another institution during the pendency of his habeas corpus petition in this Court. I note that because no final judgment had been filed in this case, Rule 60(b) was not the appropriate authority to seek such relief. However, given that Williams's habeas corpus petition has now been ruled upon, the magistrate judge's order staying Williams's transfer is vacated as moot.

## CONCLUSION

Accordingly, Williams's objections to the magistrate judge's report are overruled and his petition for a writ of habeas corpus is dismissed. The magistrate judge's order preventing Williams from being transferred to another institution during the pendency of his habeas corpus petition is vacated as moot.

So Ordered.

s/ *Jeffrey J. Helmick*
United States District Judge